# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No.: 1:21-cv-22799

MAX PALMER,

    Plaintiff,

vs.

GROVE BAY HOSPITALITY GROUP, LLC,

    Defendant.

_____/

COLLECTIVE ACTION COMPLAINT

## COLLECTIVE ACTION COMPLAINT

Plaintiff Max Palmer ("Plaintiff"), by and through the undersigned counsel, hereby files this Collective Action Complaint against Defendant Grove Bay Hospitality Group, LLC ("Defendant"), and alleges as follows:

## INTRODUCTION

1. This case challenges the policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and on behalf of himself and other "similarly-situated" persons who may join this case pursuant to § 216(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because

1

Defendant's principal place of business is in this District.

## PARTIES

5. Plaintiff is a resident of Florida who was employed by Defendant as a server at the Stilltsville restaurant from February of 2021 through April of 2021. Plaintiff's consent to proceed as a party plaintiff has been previously filed.

6. Defendant is a limited liability company organized under the laws of the state of Florida and maintains its principal place of business in Miami, Florida. Defendant is in the business of operating restaurants in Miami, Florida, during all times relevant to this Complaint.

7. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

8. At all times relevant to this Complaint, Defendant employed Plaintiff and other similarly situated servers in a non-exempt hourly capacity.

9. During all times relevant to this Complaint, Plaintiff and other similarly situated servers frequently worked in excess of 40 hours per week.

10. Defendant's servers are responsible for opening the restaurant if their schedule designates a closing shift, taking food and beverage orders from patrons, taking the ordered food and beverages to the patrons, and closing the restaurant if their schedule designates a closing shift.

11. Servers who were scheduled to open the restaurant were responsible for, among other things, setting up tables, chairs, silverware, and napkins, cleaning, and general organization of the restaurant prior to admitting patrons in order to ensure a smooth and orderly lunch and dinner service.

12. Servers who were scheduled to close the restaurant were responsible for, among

other things, putting away tables, chairs, silverware, and napkins, cleaning, and general organization of the restaurant in order to prepare for business the following day.

13. Opening and closing the restaurant are essential functions of Defendant's server position and are integral and indispensable to Defendant's business.

14. If Defendant wanted Plaintiff and other similarly situated servers to open the restaurant on Monday through Friday, it would schedule them to begin their shift at 11 AM.

15. If Defendant wanted Plaintiff and other similarly situated servers to open the restaurant on Saturday to Sunday, it would schedule them to begin their shifts at 12 PM.

16. Notwithstanding the time appearing on their schedule, Defendant told Plaintiff and other similarly situated servers scheduled to open the restaurant that it expected them to arrive at 10 AM on Monday through Friday and at 11 AM on Saturday and Sunday.

17. If Defendant wanted Plaintiff and other similarly situated servers to close the restaurant, it would schedule them to end their shifts at 10:30 PM.

18. Notwithstanding the time appearing on their schedule, Defendant told Plaintiff and other similarly situated servers scheduled to close the restaurant that it expected them to work until 12 AM Monday through Sunday.

19. Upon arrival, Plaintiff and other similarly situated servers were expected to report to the general manager or other designated representative.

20. The general manager or other designated representative controlled when Plaintiff and other similarly situated servers clocked in and clocked out.

21. The general manager or other designated representative would not clock in Plaintiff and other similarly situated servers when they arrived at the restaurant and began working if they arrived before their scheduled start time.

22. The general manager or other designated representative would clock out Plaintiff and other similarly situated servers at their scheduled end time even if they continued to work beyond that scheduled end time.

23. This is the practice at all restaurants operated by Defendant.

24. Defendant failed to pay Plaintiff and those similarly situated for hours worked before their scheduled start time and after their scheduled end time.

25. Defendant failed to pay Plaintiff and those similarly situated for hours worked in excess of 40 hours per week.

26. Defendant's failure to compensate Plaintiff and the similarly situated servers for this time resulted in unpaid overtime in violation of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28. Defendant operates approximately 8 different restaurants in South Florida.

29. The unlawful pay policies described in this Complaint are common to Defendant's restaurants.

30. The employees who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations and who may opt-in consist of:

> All current and former hourly servers who worked 40 or more hours in at least one workweek employed by Defendant at any of its locations in Florida within the two years preceding this action.
>
> Excluded from this class are Defendant's current or former employees who are or were, within the last two years: at all times subject to a collective bargaining agreement and subject to an arbitration agreement.

31. Such persons are "similarly situated" with respect to Defendant's FLSA

violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay for hours worked before their scheduled start time, for hours worked after their scheduled end time, and for all hours worked in excess of 40 hours in a single workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs (the "Potential Opt-Ins").

32. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

33. The persons similarly situated to Plaintiff are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## COUNT ONE
### (FLSA Overtime Violations)

34. Plaintiff realleges paragraph 1 through 33 as though fully set forth herein.

35. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b).

36. The FLSA requires that Defendant's non-exempt hourly employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

37. Defendant was at all times material hereto engaged in interstate commerce.

38. The FLSA applies to Defendant's business activities and to Plaintiff and the Potential Opt-Ins' work for Defendant in that both affected interstate commerce for the relevant time period.

39. Defendant operated, individually or collectively, as an organization which sold or marketed its services or goods to customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

40. Defendant regularly employed two or more employees for the relevant time period.

41. Defendant, upon information and belief, had, individually or collectively, gross revenues which exceeded $500,000.00 for each of the past three (3) years and has otherwise engaged in interstate commerce.

42. The services performed by Plaintiff and the Potential Opt-Ins affected interstate commerce.

43. Thus, Defendant was at all times material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

44. Plaintiff and the Potential Opt-Ins were non-exempt employees of Defendant who worked in excess of forty (40) hours during one or more workweeks within the three (3) years of the filing of this lawsuit.

45. Defendant had notice of, or had actual knowledge of, all of the hours worked by Plaintiff and the Potential Opt-Ins, including any hours in excess of forty (40) per week.

46. Defendant failed to pay Plaintiff and other similarly situated servers at the appropriate overtime rate for hours worked in excess of forty (40) per week in violation of 29 U.S.C. §§ 201-219.

47. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

48.  As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A.  Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.  Enter judgment against Defendant and in favor of Plaintiff and all similarly situated servers who opt-in;

C.  Award compensatory damages to Plaintiff and all similarly situated servers who opt-in in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

D.  Award Plaintiff and all similarly situated servers who opt-in pre-judgment and post-judgment interest at the statutory rate; and

E.  Award Plaintiff and all similarly situated servers who opt-in costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

## **JURY DEMAND**

Plaintiff, and all similarly-situated employees, hereby demand a trial by jury on all claims so triable.

Respectfully Submitted,

*/s/Alejandro F. Garcia*
Alejandro F. Garcia, Esq.
Florida Bar No. 98505
agarcia@ramhofergarcia.com
**RAMHOFER | GARCIA**
11900 Biscayne Blvd.
Suite 742
North Miami, FL 33181
Telephone: (305) 481-9733
Facsimile:  (954) 697-0341
*Counsel for Plaintiffs*